Daniel S. Robinson (SBN 244245)
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Drive
Newport Beach, CA 92660
(949) 720-1288
drobinson@robinsonfirm.com

John J. Nelson (SBN 317598)
Mariya Weekes (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive
Beverly Hills, CA 90212
(858) 209-6941
jnelson@milberg.com
mweekes@milberg.com

Thomas E. Loeser (SBN 202724)
**COTCHETT PITRE & MCCARTHY, LLP**
2716 Ocean Park Blvd., Ste. 3088
Santa Monica, CA 90405
(206) 802-1272
tloeser@cpmlegal.com

Ashley M. Crooks (*pro hac vice* forthcoming)
**HAUSFELD, LLP**
888 16th Street NW, Suite 300
Washington D.C. 20006
(858) 209-6941
acrooks@hausfeld.com

*Counsel for Plaintiffs and Proposed Classes*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLISON BARBER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOT TOPIC, INC. d/b/a HOT TOPIC and BOXLUNCH, and TORRID, LLC,<br><br>Defendants. | Case No.: 2:24-CV-09215-MEMF-AS<br><br>Assigned for All Purposes to: Courtroom 8B; Hon. Maame Ewusi-Mensah Frimpong<br><br>Complaint Filed: October 25, 2024<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CO-LEAD COUNSEL AND EXECUTIVE COMMITTEE**<br><br>**[Filed Concurrently With Notice, Declarations, and [Proposed] Order**<br><br>Date: February 6, 2025<br>Time: 10:00 a.m.<br>Ctrm: 8B |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

| | |
|---|---|
| ANASTASIA WEATHERFORD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOT TOPIC, INC. d/b/a HOT TOPIC and BOXLUNCH, and TORRID, LLC,<br><br>Defendants. | Case No.: 2:24-cv-09805-MEMF-AS<br><br>Assigned for All Purposes to: Courtroom 8B; Hon. Maame Ewusi-Mensah Frimpong<br><br>Complaint Filed: November 13, 2024 |
| DANIEL GARCIA, on behalf himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOT TOPIC, INC. d/b/a HOT TOPIC and BOXLUNCH,<br><br>Defendant. | Case No.: 2:24-cv-09856-MWF-SK<br><br>Assigned for All Purposes to: Courtroom 5A; Hon. Michael W. Fitzgerald<br><br>Complaint Filed: November 14, 2024 |
| CANDACE PARRA, CHASSIE SCHULTZ and DANIELLE SHELLEY, on behalf of themselves and a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>HOT TOPIC, INC. d/b/a HOT TOPIC and BOXLUNCH, and TORRID, LLC,<br><br>Defendants. | Case No. 2:24-cv-10488-SPG-AJR<br><br>Assigned for All Purposes to: Courtroom 5C; Hon. Sherilyn Peace Garnett<br><br>Complaint Filed: December 5, 2024 |
| ALANNA ROBERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOT TOPIC, INC. d/b/a HOT TOPIC and BOXLUNCH, and SNOWFLAKE, INC.,<br><br>Defendants. | Case No.: 2:24-cv-10772-ODW-PVC<br><br>Assigned for All Purposes to: Courtroom 5D; Hon. Otis D. Wright, II<br><br>Complaint Filed: December 13, 2024 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

JULIANNE DOMINGUEZ, on behalf herself and all others similarly situated,

    Plaintiff,

v.

HOT TOPIC, INC. d/b/a HOT TOPIC and BOXLUNCH; and TORRID, LLC,

       Defendants.

Case No.: 2:24-cv-11109-JFW-RAO

Assigned for All Purposes to: Courtroom 7A; Hon. John F. Walter

Complaint Filed: December 26, 2024

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

## **<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES ................................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

   I.   INTRODUCTION ................................................................................................... 1

   II.   BACKGROUND .................................................................................................... 4

   III.  PROCEDURAL HISTORY .................................................................................... 4

   IV.  ARGUMENT .......................................................................................................... 5

      A.   The Court Should Consolidate Related Cases Under Rule 42(a) ................... 5

      B.   Consolidation is Appropriate Under Rule 42(a) ............................................ 6

      C.   The Court Should Appoint Interim Co-Lead Class Counsel ........................... 8

         1.   Proposed Interim Co-Lead Counsel Have Already Performed Substantial Work Related to the Data Breach .......................................................... 9

         2.   Proposed Interim Co-Lead Counsel Are Competent and Have Substantial Experience in Handling Class Actions .......................................... 9

         3.   Proposed Class Counsel Have Knowledge of the Applicable Law and Claims Asserted in the Related Cases ...................................................... 10

         4.   Proposed Interim Co-Lead Counsel Will Commit All Necessary Resources Necessary to Represent Plaintiffs and the Class ........................................ 18

         5.   Additional Factors Supporting Appointment of the Proposed Interim Co-Lead Counsel Under Rule 23g(1)(B) ............................................................ 19

      D. The Court Should Appoint Plaintiffs' Executive Committee Members .......... 20

V. CONCLUSION ........................................................................................................ 24

CERTIFICATE OF SERVICE ......................................................................................... 25

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                     <u>Page</u>

*Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*,
   No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626 (D. Colo. Sep. 1, 2017)
   .................................................................................................................................7

*Diaz v. First Am. Home Buyers Prot. Co.*,
   No. 09-cv-00775-BAS (JLB), 2014 WL 12696519 (S.D. Cal. Sept. 25, 2014) ........6

*Fero v. Excellus Health Plan, Inc.*,
   236 F. Supp. 3d 735 (W.D.N.Y. 2017) ...................................................................7

*Hacker v. Peterschmidt*,
   No. 06-cv-3468, 2006 WL 2925683 (N.D. Cal. Oct. 12, 2006) ..............................5

*In re Equity Funding Corp. of Am. Sec. Litig.*,
   416 F. Supp 161 (C.D. Cal. 1976)...........................................................................6

*In re Experian Data Breach Litig.*,
   No. SACV 15-01592 AG (DFMx), 2017 WL 4325583 (C.D. Cal. May 18, 2017)..5

*In re Lenovo Adware Litig.*,
   No. 15-md-02624, 2015 WL 10890657 (N.D. Cal. July 27, 2015) ..........................8

*In re Oreck Corp. Halo Vacuum and Air Purifiers Marketing and Sales Practices Litig.*,
   282 F.R.D. 486 (C.D. Cal. 2012) ........................................................................6, 7

*In re Robinhood Outage Litig.*,
   No. 20-cv-01626-JD, 2020 WL 7330596 (N.D. Cal. July 14, 2020)......................8

*Investors Research Co. v. U.S. Dist.t Court for Cent. Dist. of Cal.*,
   877 F.2d 777 (9th Cir. 1989).................................................................................5

*Paxonet Commc'ns, Inc. v. TranSwitch Corp.*,
   303 F. Supp. 2d 1027 (N.D. Cal. 2003) ................................................................6

*UL LLC v. Gangsong Grp. Corp.*,
   No. 17-cv-8166 DSF (EX), 2019 WL 8219493 (C.D. Cal. June 26, 2019)..............5

<u>Rules</u>

Fed. R. Civ. P. 23(g)................................................................................1, 8, 9, 10

Fed. R. Civ. P. 23(g)(1)(A)(i) ...............................................................................9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) ...............................................................8, 9, 10, 18

Fed. R. Civ. P. 23(g)(1)(A)(iii) ...........................................................................10

Fed. R. Civ. P. 23(g)(1)(A)(iv) ...........................................................................18

Fed. R. Civ. P. 23(g)(3) ........................................................................................8

Fed. R. Civ. P. 23(g)(l)(B) ...............................................................................8, 19

Fed. R. Civ. P. 42(a) .........................................................................................5, 6

Fed. R. Civ. P. 42(a)(2).........................................................................................7

**Other Authorities**

Manual for Complex Litigation §10.221……………………………………….20

Manual for Complex Litigation (Fourth) § 21.11.......................................................8

Manual for Complex Litigation §21.272……………………………………….20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    INTRODUCTION

Plaintiffs Allison Barber, Anastasia Weatherford, Daniel Garcia, Candace Parra, Chassie Schultz, Danielle Shelley, Allana Roberson, and Julianne Dominguez (collectively "Plaintiffs") in the above-captioned matters, *Barber v. Hot Topic, Inc., et al.*, Case No. 2:24-cv-09215; *Weatherford v. Hot Topic, Inc., et al.*, Case No. 2:24-cv-09805; *Garcia v. Hot Topic, Inc.*, Case No. 2:24-cv-09856; *Parra, et al. v. Hot Topic, Inc., et al.*, Case No. 2:24-cv-10488; *Roberson, et al. v. Hot Topic, Inc., et al.*, Case No. 2:24-cv-10772; and *Dominguez, et al. v. Hot Topic, Inc., et al.*, Case No. 2:24-cv-11109, seek entry of an Order: (1) consolidating the above-captioned cases ("Related Cases") presently before this Court and filed in this District, and any future related actions arising from the same data breach as the Related Cases which may be filed in, removed to, or transferred to this Court, under the low-numbered case with the caption *In re Hot Topic Data Breach Litigation*; (2) appointing, pursuant to Federal Rule of Civil Procedure 23(g), Daniel S. Robinson of Robinson Calcagnie, Inc., Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC, Thomas E. Loeser of Cotchett Pitre & McCarthy LLP, and Ashley M. Crooks of Hausfeld LLP as Interim Co-Lead Class Counsel for Plaintiffs ("Proposed Interim Co-Lead Counsel"); and (3) appointing Proposed Interim Co-Lead Counsel, Kristen Lake Cardoso of Kopelowitz Ostrow P.A., and John Heenan of Heenan & Cook, PLLC to the Plaintiffs' Executive Committee.

This matter arises from the data breach announced by Defendants Hot Topic, Inc. d/b/a Hot Topic and BoxLunch ("Hot Topic") and Torrid, LLC ("Torrid") (collectively, "Defendants"), in which the personally identifiable information ("PII"), including full names, email addresses, addresses, phone numbers, and dates of birth, of Plaintiffs and putative class members were allegedly accessed and acquired by unauthorized parties (the "Data Breach"). Plaintiffs filed similar Class Action

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Complaints against Defendants related to the Data Breach, and the above-captioned Plaintiffs' Counsel have since self-organized and seek appointment as Interim Co-Lead Class Counsel. Consolidation will serve the interests of justice, preserve the parties' and the Court's resources, and prevent duplicative discovery and inconsistent rulings.

Appointment of Proposed Interim Co-Lead Counsel here is particularly appropriate because, as described below, other duplicative actions likely will continue to be filed. The appointments will clarify the roles and responsibilities of counsel on behalf of the putative class so the class can speak with one voice. The risk of declining immediate appointment of interim class counsel includes: (1) duplicative and unnecessary litigation resulting in inefficiencies to the parties and the courts, and (2) a "reverse auction" whereby the lawyers in the duplicative cases seek to "sell" a settlement to Defendants at the lowest amount. Only through prompt appointment of well-qualified interim class counsel will the parties and the Court be assured these circumstances will not occur.

Mr. Robinson, Ms. Weekes, Mr. Loeser, and Ms. Crooks are uniquely qualified to lead this litigation. Already, they have performed substantial work to identify and investigate potential claims in this case. They should be appointed as Interim Co-Lead Class Counsel for the following reasons:

*First*, Proposed Interim Co-Lead Counsel have the experience to effectively lead this litigation on behalf of the putative class. These attorneys and their firms have been appointed to leadership positions in some of the largest privacy cases as well as other consumer class actions affecting large classes. The qualifications and experience of Mr. Robinson, Ms. Weekes, Mr. Loeser, and Ms. Crooks, and their firms, are set forth in the concurrently filed Declarations.

*Second*, Proposed Interim Co-Lead Counsel and their teams possess extensive knowledge of the applicable law. They and their law firms have heavily litigated, conducted significant discovery (including depositions of information security

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

officers, and technical and damages witnesses and experts), and briefed essentially every aspect of privacy class action cases. Their experience will allow Plaintiffs to manage and effectively litigate issues that are pivotal to the success of this case with great efficiency, including standing, technical issues related to data disclosures and class member identification, and damages evaluation.

*Third*, Proposed Interim Co-Lead Counsel have diligently investigated and prosecuted this case to date. The team has devoted substantial time investigating the background facts, drafting detailed complaints, coordinating and privately ordering amongst themselves for the benefit of the putative class, and seeking consolidation of the Related Cases. They have been contacted by numerous consumers about this matter, enabling them to thoroughly understand the ways in which consumers have been impacted by the Data Breach.

*Fourth*, Proposed Interim Co-Lead Counsel will effectively manage the litigation. They have led numerous complex litigations and believe that an efficient, well-defined team structure will produce the best results. To that end, Proposed Interim Co-Lead Counsel have agreed to work cooperatively rather than filing competing leadership applications and were able to resolve questions of leadership structure through cooperative private ordering. They did so with the goal of maximizing litigation efficiency on behalf of Plaintiffs and the putative class.

Proposed Interim Co-Lead Counsel are comprised of attorneys at firms which, together, are capable of committing, and will commit, sufficient resources to adequately represent Plaintiffs and the putative class, as they have done in prior cases in which they have achieved some of the largest data breach settlements in history. For the foregoing reasons and those that follow, Plaintiffs respectfully request that the Court appoint Daniel S. Robinson, Mariya Weekes, Thomas E. Loeser, and Ashley M. Crooks as Interim Co-Lead Counsel.

Furthermore, Proposed Interim Co-Lead Counsel, Kristen Lake Cardoso and John Heenan are uniquely qualified to serve as Executive Committee members and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

would provide a benefit to the putative class.

## II.    BACKGROUND

Defendants are American retail chains specializing in apparel and accessories, operating numerous stores across the United States and online platforms. In October 2024, both companies experienced a significant data breach that compromised the PII of Plaintiffs and millions of other customers. On October 21, 2024, a threat actor known as "Satanic" claimed responsibility for the Data Breach, alleging the theft of data from approximately 350 million customer accounts associated with Hot Topic, BoxLunch, and Torrid. The compromised information reportedly includes full names, email addresses, dates of birth, phone numbers, physical addresses, purchase histories, and partial credit card data.

## III.    PROCEDURAL HISTORY

Between October 25, 2024, and December 13, 2024, six putative class actions[1] were filed against Defendants related to the Data Breach. Each of the Related Cases is a putative class action, and each is filed on behalf of classes of individuals or entities who were customers or otherwise associated or affiliated with—and provided PII to—Defendants. Based on the same nucleus of facts, each Related Action alleges a common failure by Defendants to safeguard Plaintiffs' and class members' PII, resulting in the Data Breach. Each of the Related Cases largely allege similar damages and causes of action. All of the Related Cases are currently pending in the Central District of California, specifically:

- *Barber v. Hot Topic, Inc., et al.*, No. 2:24-cv-09215-MEMF-AS (C.D. Cal.);
- *Weatherford v. Hot Topic, Inc.*, No. 2:24-cv-09805-MEMF-AS (C.D. Cal.);
- *Garcia v. Hot Topic, Inc.*, No. 2:24-cv-09856-MWF-SK (C.D. Cal.);
- *Parra, et al. v. Hot Topic, Inc.*, No. 2:24-cv-10488-SPG-AJR (C.D. Cal.);

---

[1] The following three cases were filed in C.D. Cal. and dismissed: *Garrett v. Hot Topic, et al.,* No. 2:24-cv-09884; *Sides v. Hot Topic, et al.,* No. 2:24-cv-09911; and *Marshall v. Hot Topic, et al.,* No. 2:24-cv-09983.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

- *Roberson v. Hot Topic, Inc., et al.*, No. 2:24-cv-10772-ODW-PVC (C.D. Cal.); and

- *Dominguez v. Hot Topic, Inc., et al.*, No. 2:24-cv-11109-JFW-RAO (C.D. Cal.).

Following the filing of these cases, Proposed Interim Co-Lead Counsel self-organized, engaged in private ordering, and discussed potential consolidation and coordination of their respective actions arising from the Data Breach—as encouraged by the Manual for Complex Litigation. Counsel for Plaintiffs in the Related Cases held organizational meetings and discussions, including with other plaintiffs' counsel, agreed to work together for the benefit of the class, and collectively move this Court for appointment of Interim Co-Lead Counsel as proposed herein.

## IV.    ARGUMENT

### A. The Court Should Consolidate Related Cases Under Rule 42(a)

Rule 42(a) of the Federal Rules of Civil Procedure provides: If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). Courts enjoy broad discretion to order consolidation under Rule 42(a). *UL LLC v. Gangsong Grp. Corp.*, No. 17-cv-8166 DSF (EX), 2019 WL 8219493, at *1 (C.D. Cal. June 26, 2019). This includes discretion to consolidate cases pending in the same district before different judges. *Investors Research Co. v. U.S. Dist.t Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989); *Hacker v. Peterschmidt*, No. 06-cv-3468, 2006 WL 2925683, at *2 (N.D. Cal. Oct. 12, 2006).

Courts routinely consolidate multiple class actions based on the same public event, including data breaches. *See, e.g.*, *In re Experian Data Breach Litig.*, No. SACV 15-01592 AG (DFMx), 2017 WL 4325583, at *2 (C.D. Cal. May 18, 2017) (noting first filed complaint "was . . . consolidated with over forty other consumer complaints, which created the pending litigation"). Consolidation of similar class actions expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (finding cases had significant legal and factual overlap, and holding "that judicial efficiency will be served by consolidating these actions"); *see also In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp 161, 176 (C.D. Cal. 1976) ("[A]rgument and consideration of class action issues has been made considerably easier by the consolidated complaint, because the court has not had to go through varying and conflicting class allegations that may have been stated in each separate complaint.").

## B. Consolidation is Appropriate Under Rule 42(a)

Where two or more actions against the same defendant share key factual and legal questions—including, as here, where the actions arise from the same data breach—consolidation under Rule 42(a) is warranted. *Diaz v. First Am. Home Buyers Prot. Co.*, No. 09-cv-00775-BAS (JLB), 2014 WL 12696519, at *3 (S.D. Cal. Sept. 25, 2014). The Complaints in each of the Related Cases assert common causes of action against common defendants and seek the same relief in response to the same event: the Hot Topic Data Breach. The Related Cases commonly seek certification of similar and overlapping classes and allege class members suffered harm as a result of the Data Breach because their PII and other sensitive information was exposed to third parties without authorization. Consolidating the Related Cases, and any later filed or removed cases, will streamline and organize this litigation, allowing the Court to efficiently resolve the nearly identical legal and factual issues. *See In re Oreck Corp. Halo Vacuum and Air Purifiers Marketing and Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (finding "consolidation serves the interests of judicial economy by promoting efficiency and saving time for purposes of pretrial discovery and motion practice") (internal citations omitted).

Courts consistently find that data breach class actions are particularly appropriate for Rule 42 consolidation. *See, e.g., Bellwether Cmty. Credit Union v.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

*Chipotle Mexican Grill, Inc.*, No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626, at *3 (D. Colo. Sep. 1, 2017) ("[B]oth actions are substantively identical and are in the same stage of litigation . . . and [] arise out of the same occurrence: a data breach[.]") (internal quotations omitted); *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 745 (W.D.N.Y. 2017) (noting court had previously "issued an order consolidating . . . pursuant to Federal Rule of Civil Procedure 42(a)(2), and transferred the case" to one judge in large data breach litigation).

Consolidation of the Related Cases is warranted here because it will maximize judicial economy by simplifying discovery, pretrial motions, class certification, and other case management issues, especially as all of the cases are at their procedural inception. Consolidating the Related Cases will also reduce confusion and delay that may result from prosecuting related putative class actions separately, including eliminating duplicative discovery and the possibility of inconsistent rulings on class certification, *Daubert* motions, and other pretrial matters. Furthermore, consolidation will not cause any prejudice, inconvenience, or delay or impose additional expenses on the parties. Rather, early consolidation will optimize efficiency for the Court and the parties because the Related Cases are substantially identical, assert substantially overlapping factual allegations, involve substantially similar substantive theories of relief, and are in a similar procedural posture. No responsive pleadings have been filed and no scheduling or case management orders have yet been entered in any of the Related Cases. *See In re Oreck*, 282 F.R.D. at 491 (consolidating related actions after noting "factors that counsel against consolidation, such as differing trial dates or stages of discovery, are not present here").

Bypassing consolidation of the Related Cases at this junction would cause them, and possible related cases yet to be filed, to proceed on different schedules and would be needlessly duplicative, confusing, and inefficient. Because consolidation serves the interests and convenience of the parties and the Court through its promotion of judicial economy and efficiency, and because it will not prejudice any party to the Related

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Cases, Plaintiffs request that the Court consolidate the Related Cases under the docket number of the first-filed *Barber* case, No. 2:24-CV-09215-MEMF-AS, under the caption *In re Hot Topic Data Breach Litigation*.

### C. The Court Should Appoint Interim Co-Lead Class Counsel

Under Rule 23(g)(3),"[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Appointing interim class counsel is particularly appropriate in situations, such as this, where overlapping class suits are pending. *See Manual for Complex Litigation (Fourth)* ("MCL"), § 21.11 (explaining that appointing interim class counsel during the period before class certification is decided is appropriate in situations involving multiple overlapping putative class actions). Early appointments are beneficial in complex cases because they "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *See* MCL, § 21.11.

Rule 23(g) lists four factors courts should consider when selecting class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(l)(B). For example, courts consider counsel's willingness to work cooperatively with others, *see In re Lenovo Adware Litig.*, No. 15-md-02624, 2015 WL 10890657, at *1 (N.D. Cal. July 27, 2015), and the diversity of the proposed interim leadership group, *see In re Robinhood Outage Litig.*, No. 20-cv-01626-JD, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020). Here, each of the Rule 23(g) factors supports appointing the Proposed Interim Co-Lead Counsel.

**1. Proposed Interim Co-Lead Counsel Have Already Performed Substantial Work Related to the Data Breach**

Rule 23(g) directs the Court to consider "the work counsel has done in identifying and investigating" claims in the present action when weighing the appointment of lead counsel. Fed. R. Civ. P. 23(g)(1)(A)(i). Here, Proposed Interim Co-Lead Counsel have conducted significant investigatory work to unearth potential claims against Defendants after reports of a potential data breach involving Hot Topic first surfaced. Proposed Interim Co-Lead Counsel interviewed dozens of consumers around the country related to the Data Breach and their individual experiences, researched their potential claims under federal and state law, drafted complaints ultimately filed in the Related Cases, and continue to perform due diligence and further investigation of the facts and potential claims available to Plaintiffs and putative class members in the wake of the Data Breach. Moreover, Proposed Interim Co-Lead Counsel conferred extensively to establish a productive collaboration on behalf of putative class members affected by the Data Breach, and chart an efficient course for the case following likely consolidation. Thus, Proposed Interim Co-Lead Counsel have already performed significant work to identify, investigate, and prosecute these claims. Plaintiffs in the Related Cases and all putative class members will benefit from continuing the momentum that has been generated by the work of Proposed Interim Co-Lead Counsel.

**2. Proposed Interim Co-Lead Counsel Are Competent and Have Substantial Experience in Handling Class Actions**

Proposed Interim Co-Lead Counsel have the necessary experience, knowledge, and skill to lead this case. Proposed Interim Co-Lead Counsel are well versed in prosecuting large-scale consumer class actions and other complex litigation cases on behalf of consumers, including data breach and privacy litigation. Robinson Decl. ¶ 11. Proposed Interim Co-Lead Counsel have decades of experience in complex class action litigation against many types of entities. Proposed Interim Co-Lead Counsel's relevant

9

experience is set forth in each firm's respective professional biographies and/or resumes submitted with this Motion. *See* Ex. 1 to Robinson Decl., Ex. 1 to Weekes Decl., Ex. 1 to Loeser Decl., and Ex. 1 to Crooks Decl. Plaintiffs and putative class members need aggressive, well-capitalized counsel willing to pursue this action effectively through trial and any appeals, if necessary. Proposed Interim Co-Lead Counsel have the necessary experience, resources, and qualifications to handle litigation of the Related Cases. Robinson Decl. ¶ 12.

### 3. Proposed Class Counsel Have Knowledge of the Applicable Law and Claims Asserted in the Related Cases

The third Rule 23(g) factor, "counsel's knowledge of the applicable law," further supports appointing the proposed leadership structure here. *See* Fed. R. Civ. P. 23(g)(1)(A)(iii). Proposed Interim Co-Lead Counsel are knowledgeable and familiar with the legal claims and statutes at issue. Indeed, each of these firms regularly litigates complex class action cases, including privacy and data breach class actions.

### *Daniel S. Robinson of Robinson Calcagnie, Inc.*[2]

Daniel S. Robinson is a partner at Robinson Calcagnie, Inc., in Newport Beach, California, specializing in class actions and other complex litigation. His professional experience as lead counsel in consumer protection and data breach cases makes him well qualified to serve as Interim Co-Lead Counsel. Mr. Robinson possesses (1) a willingness and ability to commit to the time-consuming nature of this case; (2) a history of working cooperatively and respectfully with others in data breach litigation, including with the other Proposed Interim Co-Lead Counsel; and (3) the experience and resources necessary to achieve a successful resolution in this case.

Mr. Robinson has been appointed to leadership positions in numerous state and federal courts, including in other data breach cases, and in complex and multi-district product liability and consumer class action litigation. For instance, in his appointments

---

[2] *See* Ex. 1 to Robinson Decl.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

as co-lead counsel in *Hellyer v. Smile Brands, Inc.*, Case No. 8:21-cv-01886-DOC (ADS) (C.D. Cal.), *Ambry Genetics Data Breach Litig.*, Case No. 20-cv-00791-CJC (KESx) (C.D. Cal.), *In re Experian Data Breach Litig.*, Case No. 8:15-cv-01592-AG (C.D. Cal.), and in *In re 21st Century Oncology Customer Data Sec. Breach Litig.*, 380 F. Supp. 3d 1243 (M.D. Fla. 2019), which resulted in settlements valued in excess of $15 million, $20 million, $39 million, and $12.5 million, respectively, Mr. Robinson demonstrated a personal commitment to be directly involved in his cases, including overseeing the settlement process for each case.

Mr. Robinson also served as Additional Settlement Class Counsel in the federal action of *In Re: Yahoo! Inc. Customer Data Security Breach Litigation*, Case No. 5:16-md-02752-LHK (N.D. Cal.) and as Interim Co-Lead Counsel in the in the parallel state court action of *Yahoo! Inc. Private Information Disclosure Cases*, JCCP No. 4895 (Super. Ct. Cal. Orange Cnty.), which resulted in a $117.5 million settlement—one of the largest data breach settlements to date. Mr. Robinson is also one of few attorneys in the country who have successfully certified a class in a data breach case after contested briefing, through his service as Co-Lead Counsel in *St. Joseph Health System Medical Information Cases*, JCCP No. 4716 (Super. Ct. Cal.), which resulted in a landmark settlement weeks before trial, valued in excess of $39.5 million for just over 31,000 patients.

Over the course of his career, Mr. Robinson has demonstrated a personal commitment to be directly involved in his cases, including negotiating case management orders with opposing counsel, drafting briefs, pleadings, and discovery, taking and defending depositions, interviewing, retaining, and working with experts, facilitating filings, monitoring billing, appearing in person at every status conference and hearing, and negotiating settlements, as he will do if appointed in this case. He has similarly demonstrated his commitment as a member of the plaintiffs' steering committee in *In re Marriott International Customer Data Security Breach Litig.*, MDL 2879 (D. Md.) and *In Re: Snowflake, Inc., Data Security Breach Litig.*, 2:24-MD-03126

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

(D. Mont.), as Class Counsel in *Flores v. Don Roberto Jewelers, Inc.*, 30-2021-01212035-CU-NP-CXC (finally approved settlement valued in excess of $4.5 million for 185,519 class members) and *In re Planned Parenthood Los Angeles Data Incident Litig.*, Case No. 21-CV-44106 (finally approved settlement valued in excess of $22 million for 409,437 class members), and Interim Co-Lead Counsel in *Tsvetanova v. Regents of the University of California*, Case No. 37-2021-00039888-CU-NP-CTL (Super. Cr. Cal.) and *In re loanDepot Data Breach Litig.*, Case No. 8:24-cv-00136-DOC-JDEx (C.D. Cal.) (preliminary approval pending for settlement likely valued in excess of $52 million for approximately 16.9 million class members). If appointed as Interim Co-Lead Class Counsel, Mr. Robinson will provide the same level of commitment to this case as he has done with each of his prior appointments.

### *Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC*[3]

Mariya Weekes is a partner at the international plaintiffs' class action firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[4] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[5] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg has more than 100 attorneys on staff and has offices across the United States and the European Union.

Ms. Weekes is a former Florida State Circuit Court Judge, elected to the bench

---

[3] *See* Ex. 1 to Weekes Decl.

[4] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[5] *See* https://milberg.com/precedent-setting-decisions/page/3/.

12

by her constituents. As a Florida Circuit Court Judge, she presided over thousands of complex cases, hundreds of trials, and motions. In her capacity as a Circuit Court Judge, she served on the Circuit's appellate panels reviewing appeals from the lower trial Courts and administrative agencies. Before ascending to the bench, she practiced as a trial lawyer representing individuals and corporations in complex cases throughout the State of Florida. As a practicing attorney, she has personally tried dozens of jury trials to verdict and has participated in many significant cases. Both as a civil trial lawyer and former prosecutor, she has handled complex cases from their inception through appeal. Since leaving the bench, she now represents individuals and other entities in class action litigation in both state and federal courts.

After stepping down from the bench, Ms. Weekes joined Milberg's Cybersecurity and Data Privacy Group, which has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g.*, *In Re: LoanCare Data Security Breach Litig.*, No. 3:23-cv-1508-MMH-MCR (M.D. Fla.) (where Ms. Weekes was appointed co-lead counsel in a consolidated action involving more than 1.3 million consumers); *In Re: Berry, Dunn, McNeil & Parker Data Security Incident Litigation.*, No. 2:24-cv-00146 (D. Maine) (Ms. Weekes was appointed to the executive committee in a consolidated action involving 1.1 million consumers); *Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-1876 (E.D. Penn.) (Ms. Weekes was appointed chair of the Plaintiffs' Executive Committee in a consolidated action involving more than 1.9 million consumers); *Morrison et al. v. Family Dollar Stores, LLC, et al.*, 0:24-cv-60294-AHS (S.D.Fl.) (Ms. Weekes was appointed as co-lead counsel in a consolidated consumer protection class action involving adulterated mediations impacting thousands of consumers across 19 States); *W. v. LivaNova USA, Inc.,* Case No. 4:24-cv-02250 (S.D. Tex.) (Ms. Weekes was appointed Interim Co-Lead Counsel); *In re Coastal Orthopedics & Sports Medicine of Southwest Florida Data Breach Litig.,* Case No. 2024-CA-1078AX (12th Judic. Circ. Ct. of Fla., Manatee Cnty)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

(Ms. Weekes was appointed Interim Class Counsel); *Lomedico v. MarineMax, Inc.*, Case No. 8:24-cv-1784-MSS-AEP (M.D. Fla.) (appointed joint Interim Class Counsel); *In re TRC Staffing Services, Inc. Data Breach Litig.*, Case No. 1:24-cv-02398-VMC (N.D. Ga.) (Ms. Weekes was appointed co-lead counsel); *Lepore et al v. Affiliated Dermatologists & Dermatologic Surgeons, P.A.*, Case No. MRS-L-001091-24 (Ms. Weekes was appointed Interim Class Counsel); *Owens et al v. MGM Resorts International, et al.,* Case No. 2:23-cv-01480-RFB-MDC (D. Nev.) (Ms. Weekes was appointed to Plaintiffs' Steering Committee); *Mckinley v, Doxim, Inc*. Case No. 2:24-cv-11550-TGB-CI (E.D. Mich.) (Ms. Weekes was appointed co-lead counsel); *Cucuta v. FloridaCentral Credit Union,* Case No. 24-CA-006065 (Hillsborough County, Fl.) (Ms. Weekes was appointed co-lead counsel).; *In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Milberg was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers).[6] Milberg's Cybersecurity and Data Privacy Group is largely responsible for developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

---

[6] *See, also Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Milberg is appointed to the leadership committee in a data breach class action involving 6 million consumers); *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (where Milberg is court-appointed co-lead counsel in a data breach class action involving 4 million consumers).

14

***Thomas E. Loeser of Cotchett Pitre & McCarthy LLP***[7]

Tom Loeser is a California and Washington licensed attorney and the Co-Managing Partner of the Seattle office of Cotchett, Pitre & McCarthy, LLP, one of the nation's leading class action and plaintiffs' trial firms. His particular expertise in technology, including writing code, as well as product and legal work in Silicon Valley, and his nearly five-years as an Assistant United States Attorney in Los Angeles including in the Cyber and Intellectual Property Crimes Section, provides a unique skill set to benefit the class from day one through trial and any appeals. Mr. Loeser has a long history and well-earned reputation of working respectfully and free of divisiveness with his peers in the technology, privacy, data breach and consumer protection bars, which allows him to work cooperatively and efficiently with the highly skilled and well-qualified attorneys seeking leadership here.

Mr. Loeser prosecutes data/privacy cases that involve particularly sensitive information, egregious corporate malfeasance, or massive data sets exposing the information of tens of millions of consumers. For these reasons, he is presently serving on the steering committee of two nationwide MDL data breach cases, *In re T-Mobile 2022 Consumer Data Security Breach Litigation* ("*T-Mobile II*") and *In re AT&T, Inc. Customer Data Security Breach Litigation* ("*AT&T*") and is co-lead in four other non-mdl data breach cases. He is willing and able to commit his personal time to a lengthy and time-consuming process in service of the putative class.

Tom Loeser is a 25-year technology trial lawyer with hard-science and high-technology bona fides. His technology career includes the authorship of code for the Treasury at Microsoft and product analysis at the Hewlett-Packard Company. His legal career began in Silicon Valley.

---

[7] *See* Cotchett, Pitre & McCarthy firm resume attached as Exhibit 1 to the Loeser Declaration and www.cpmlegal.com. A condensed version of Mr. Loeser's resume is attached as Exhibit 2 to the Loeser Declaration.

15

In 2002, Mr. Loeser became an AUSA in Los Angeles and then a member of the Cyber and Intellectual Property Crimes Section. This entailed months of training in the investigation and prosecution of hacking, computer intrusion, malware, and data breach cases, including detecting and investigating hacking by state-sponsored and foreign black-hat operators. It also included specialized training in investigation of the "dark web," where PII from this breach was discovered. He has a deep understanding of the technological parameters of a data breach. And his unique experience working within government agencies at the forefront of the cyber-war gives perspective and insight that will benefit the class. Many of his cyber-prosecutor colleagues work at firms that are retained by corporations like Defendants here. It is fitting that the class should have the same level of critical expertise in the prosecution of this case that Defendants will have in their defense.

Mr. Loeser has succeeded in highly technical class cases, including *In re Carrier IQ, Inc., Consumer Privacy Litig.*, *In re: T-Mobile I* and *II* and *Sheikh v. Tesla*, where he was appointed class counsel. At final approval of a complex settlement, Judge Labson Freeman remarked on the record:

> I will reiterate that Class Counsel has demonstrated over many years, superior experience and capability in handling class actions of this sort. It's not simple, you make it look easy, and that is the art of what you do, Mr. Loeser, and the Court certainly appreciates the good work in this case, and in recognition of the many cases that your firm has handled over the years.[8]

Pertinent here, in *Carrier IQ* plaintiffs overcame motions to compel arbitration of cellular providers, including AT&T and Sprint (now part of AT&T). In *Rajagopalan v. Noteworld*, 718 F.3d 844 (9th Cir. 2013), Mr. Loeser established 9th Circuit law limiting consumer companies' ability to use one-sided adhesion contracts for arbitration. The 2022 T-Mobile case, where Mr. Loeser was appointed to the PSC, and

---

[8] *Sheikh v. Tesla, Inc.*, No. 5:17-cv-02193-BLF (N.D. Cal.) (Oct. 17, 2018 Hr'g Tr. at 12).

16

the AT&T Data Breach Litigation in Dallas where he also has a leadership position are now litigating whether the companies' arbitration clauses are enforceable.

### ***Ashley M. Crooks of Hausfeld LLP***[9]

Ashley Crooks is counsel in the New York office of Hausfeld LLP ("Hausfeld"), widely acknowledged as one of the country's preeminent and most successful class action law firms. Hausfeld has been at the forefront of data breach and privacy litigation, leading and obtaining groundbreaking results in the largest data breach cases in the country, including: *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, 1:17-md-2800-TWT (N.D. Ga.) ($1.5 billion settlement); *In re T-Mobile Data Sec. Breach Litig.*, MDL No. 3019 (W.D. Mo.) ($500 million settlement); *In re: Marriott Int'l Inc., Customer Data Sec. Breach Litig.*, MDL No. 2879 (D. Md.) (class certification obtained), among others.

As a member of Hausfeld's pioneering cybersecurity practice, Ms. Crooks is committed to advancing the law on issues surrounding technology, privacy, and data security. Ms. Crooks is well-versed in both sides of complex litigation, with experience representing both defendants and plaintiffs in a variety of high-stakes commercial, mass tort, and data privacy matters at all stages of litigation. Ms. Crooks began her legal career at a large international law firm, where she served on national counsel teams in consolidated mass tort proceedings and multidistrict product liability litigation, and she has managed dozens of cases through all stages of pretrial litigation under accelerated discovery periods in state and federal courts across the United States. She has extensive experience in nearly every phase of complex litigation, from initial investigation and pleading, to discovery management, dispositive motion practice, settlement negotiation, fact and expert witness development, trial, and appeal. Ms. Crooks also has significant experience in early assessment and resolution of cases, including group settlement administration and management of aggregate settlements

---

[9] *See* Ex. 1 to Crooks Decl.

17

involving thousands of claimants.

Ms. Crooks has extensive experience litigating data breach class action lawsuits and has previously been appointed to leadership in state and federal courts, including in *In re: Fred Hutchinson Cancer Center Data Breach Litigation*, Case No. 23-2-24266-1 (Wash.) and *Bianucci, et al. v. Rite Aid Corporation*, Case No. 2:24-cv-03356-HB (E.D. Pa.). Ms. Crooks has also been directly involved in several recent high-profile data breach cases in which Hausfeld has been appointed to leadership positions, including: *In re: MOVEit Customer Data Security Breach Litigation*, No. 1:23-md-03083 (D. Mass.); *In re: Harvard Pilgrim Data Security Incident Litigation*, 1:23-cv-11211 (D. Mass.); *In re: Entertainment Partners Data Breach Litigation*, No. 2:23-cv-06546 (C.D. Cal.); and *In re: Post Meds, Inc. Data Breach Litigation*, No. 4:23-cv-05710 (N.D. Cal.).

### 4. Proposed Interim Co-Lead Counsel Will Commit All Necessary Resources Necessary to Represent Plaintiffs and the Class

Counsel responsible for prosecuting Plaintiffs' claims must be able to dedicate significant resources to advance the claims of the proposed class members. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Proposed Interim Co-Lead Counsel have demonstrated their collective willingness and ability to dedicate the necessary resources to ensure the effective progress of this litigation. Robinson Decl. ¶ 8. As described in detail above, and in the declarations submitted by Mr. Robinson, Ms. Weekes, Mr. Loeser, and Ms. Crooks, each firm has thoroughly investigated, developed, and gathered evidence in support of Plaintiffs' claims, and each has already invested and committed significant resources to prosecute the case. Proposed Interim Co-Lead Counsel are hard-working, organized, and effective. Their well-capitalized firms have pursued many complex cases from inception to favorable results, advancing all litigation costs, and will do so here. Proposed Interim Co-Lead Counsel have settled cases with positive resolutions relatively early in cases, but have also pushed cases through class certification and towards trial. Proposed Interim Co-Lead Counsel have the experience and resources to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

handle any procedural scenario presented in this case, up through a jury trial and appeals. Moving forward, Proposed Interim Co-Lead Counsel will continue to staff this action with knowledgeable and experienced attorneys supported by accomplished support staff, as they prepare pleadings, draft memoranda, conduct discovery, work with experts, and assist in trial preparation. Proposed Interim Co-Lead Counsel will also ensure that junior attorneys and attorneys that bring diversity to the leadership group are offered opportunities to assist in the prosecution of this litigation and will continue to commit all necessary resources and efforts to the action, just as they have in other, successful actions.

If the Court deems it appropriate to utilize the resources and experience of other counsel involved in the litigation, Proposed Interim Co-Lead Counsel will call upon the experience and talents of other plaintiffs' counsel. The firms will make every effort, however, to staff the litigation effectively and efficiently in a manner that will avoid unnecessary duplication of effort. To ensure that the case proceeds efficiently, Proposed Interim Co-Lead Counsel will implement a billing and expense protocol to govern the case. Requiring adherence to the protocol and instituting regular monitoring of billing records will promote efficiency of the litigation of the consolidated Related Cases.

### 5. Additional Factors Supporting Appointment of the Proposed Interim Co-Lead Counsel Under Rule 23g(1)(B)

The Court may also consider other matters in making appointments, per Rule 23(g)(1)(B). One consideration here is that Proposed Interim Co-Lead Counsel have largely reached consensus about the proposed leadership structure among the group of counsel for Plaintiffs in the Related Cases pending before this Court or this District. Rather than file competing leadership applications in each of the Related Cases, Proposed Interim Co-Lead Counsel met and conferred and agree it is in the best interest of Plaintiffs and proposed class members to form a unified front and cooperatively prosecute the claims arising from Defendants' alleged inadequate data security

19

measures and unscrupulous actions. This private ordering lends further support to appointing the proposed leadership structure. MCL, §§ 10.221, 21.272.

### D. The Court Should Appoint Plaintiffs' Executive Committee Members

The proposed Plaintiffs' Executive Committee have the necessary experience, knowledge, and skill to lead this case in those roles. They are well-versed in prosecuting large-scale consumer class actions and other complex litigation on behalf of consumers, including data breach and privacy litigation in particular. The proposed Executive Committee have decades of experience in complex class action litigation, as indicated by their relevant experience set forth below.

### *Kristen Lake Cardoso of Kopelowitz Ostrow P.A.*

Kristen Lake Cardoso is a partner of KO and has been practicing law for 17 years. Established in 1997, South-Florida based KO is one of the leading class-action lawsuit firms in the United States. KO has handled class actions in state and Federal courts throughout the country. Ms. Cardoso is Co-Chair of KO's Cybersecurity Department. She currently serves as counsel in nationwide and statewide class action lawsuits concerning data breaches, as well as violations of state consumer protection statutes, false advertising, defective products, and breaches of contract. She has gained valuable experience representing individuals and businesses in state and federal courts at both the trial and appellate levels in a variety of litigation matters, including contractual claims, violations of consumer protection statutes, fraud, breach of fiduciary duty, negligence, professional liability, real estate claims, enforcement of non-compete agreements, trade secret infringement, shareholder disputes, deceptive trade practices, and other business torts. Ms. Cardoso has also tried numerous cases at the state court level.

KO is counsel of record in approximately 100 pending data breach cases. Ms. Cardoso has been appointed interim class counsel and settlement class counsel in numerous of those cases. Three notable cases in which KO is part of the leadership

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

structure, all among the largest currently pending, include: *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting eight million individuals, where KO is Co-Lead Counsel for Plaintiffs; *Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), an MDL involving six million individuals, where KO is MDL Co-Lead Counsel; and *In re HCA Healthcare Data Security Litigation*, No. 3:23-cv-00684 (M.D. Tenn.), affecting eleven million people, where KO is on the Plaintiffs' Executive Committee. KO is also Liaison Counsel in *Skurauskis v. NationsBenefits, LLC*, No. 2:23-cv-60830 (S.D. Fla.) and on the Executive Committee in *Doe v. Highmark, Inc.*, No. 2:23cv-00250-NR (W.D. Pa.), to name a few.

In addition to data privacy and cybersecurity class actions, KO's attorneys are also regularly appointed lead counsel, co-lead counsel, liaison counsel, and class counsel in class actions in federal and state courts involving unlawful bank fees, antitrust, product liability, false advertising, insurance, and other consumer protection violations. KO is currently co-lead counsel in *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 9:20-md-02924-RLR (S.D. Fla.), which is one of the largest mass tort and class actions in MDL history. For the past 13 years, KO has served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litig.*, No. 1:09-MD-02036-JLK (S.D. Fla.), another large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and as Liaison Counsel in *In re Disposable Contact Lens Antitrust Litig.*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, KO is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.) helping our clients recover $100 million and $26 million, respectively. To date, these efforts have resulted in the resolution of more than 150 class cases totaling billions of dollars for class members. In many of those settlements, KO also secured

21

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

monumental and meaningful industry-altering practice changes collectively worth billions of dollars.

Ms. Cardoso has worked cohesively with Proposed Interim Co-Lead Class Counsel and Plaintiffs' Executive Committee Chair here in other cases and is honored to support their application in this case. She is confident that the proposed leadership structure will result in an excellent recovery for Plaintiffs and is well poised to serve in a leadership role in this action with the full support and commitment of her firm. The qualifications and experience of Ms. Cardoso and her firm are detailed in the firm resume attached as Exhibit 1 to the Declaration of Kristen Lake Cardoso ("Cardoso Decl.").

### *John Heenan of Heenan & Cook*

John Heenan is a partner at the firm Heenan & Cook and is arguably the most experienced and decorated class action and consumer lawyer in the State of Montana. Mr. Heenan has been in private practice for the last 19 years with a primary focus on the representation of consumers, including privacy and data breach class actions. His practice has evolved from bringing Montana's very first data breach class action to an active statewide and national consumer law and class action practice. Few Montana attorneys have prosecuted consumer law and class action cases, and even fewer have served as lead counsel in multiple consumer law jury trials. Mr. Heenan's representative jury trial cases include: *McCollough v. Johnson, Rodenburg & Lauinger*, which resulted in a $311,000 verdict for a consumer in an FDCPA case, and *Norman v. Deutsche Bank*, which resulted in a $2 million verdict for a consumer in a wrongful foreclosure case. Further, he has prosecuted several consumer class action cases, including in *Hageman v. AT&T*, CV-13-50-DLC (D. Mont. 2015). *Hageman* resulted in a $45 million settlement, which stands as one of the largest TCPA class action settlements and one of, if not the largest class action settlements in the District of Montana.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Specific to data breach/privacy class actions, Mr. Heenan was appointed lead— and sole—counsel in Montana's first data breach class action case in *Pinter v. D.A. Davidson*, CV-09-59-RFC. Mr. Heenan was the first Montana lawyer to deliver settlement benefits for Montana data breach victims in a Montana Court. Since his first successful data breach/privacy case, Mr. Heenan and his law partner (Joe Cook) are believed to be some of the only Montana attorneys who have prosecuted a data breach/privacy class action in Montana. In *Henderson v. Kalispell Regional Healthcare*, CDV-19-0761 (Mont. Eighth Jud. Ct. 2020), the leadership team established substantive Montana law in the data breach/privacy field by successfully defeating a motion to dismiss, and they engaged in extensive settlement negotiations culminating in a $4.2 million settlement. In *Smeltz v. Logan Health*, A DV-22-0124 (Mont. Eighth Jud. Ct. 2022), another Montana data breach/privacy class action, a $4.3 million settlement was successfully negotiated. Judge John Parker held in approving the settlement, "Class Counsel secured an exceptional result for the class. This settlement reflects a significant monetary recovery for the Settlement Class and robust forward-looking relief with respect to Logan Health's business practices, none of which would have occurred without the diligence and hard work of Class Counsel and is an excellent result." Id., Mar. 16, 2023 Order. The settlement was subsequently approved by the Montana Supreme Court in a substantive opinion interpreting Montana's Rule 23. See *Tafelski v. Johnson* 2024 MT 143.

Mr. Heenan's experience and success in Montana has led to a national data breach/privacy class action practice in addition to his Montana roots. It is believed that Mr. Heenan is the only Montana attorney who has been appointed to prosecute a data breach/privacy class action outside Montana. Specifically, he was granted admission by the Western District of Washington in the data breach case of *Tokarski v. Med-Data, Inc.*, 2:21-cv-00631-RAJ which resulted in a $7,000,000 settlement. He was also granted admission by the District of Oregon and named co-lead counsel in the data breach case of *Smith v. Kaye-Smith Enterprises, Inc.*, 3:22-CV-01499-AR which

resulted in a $2,000,000 settlement. Furthermore, Mr. Heenan and his partner, Mr. Cook, have filed and been appointed interim class counsel in *Crane v. Stillwater Mining* Company—a data breach/privacy case on behalf of roughly 7,000 Montana miners and their families.

## V.   CONCLUSION

Based on the foregoing, Plaintiffs Allison Barber, Anastasia Weatherford, Daniel Garcia, Candace Parra, Chassie Schultz, Danielle Shelley, Allana Roberson, and Julianne Dominguez in the Related Cases respectfully request that the Court enter the proposed Order: (1) consolidating the Related Cases, pursuant to Rule 42(a), under the docket number of the first-filed *Barber* case, No. 2:24-cv-09215-MEMF-AS (C.D. Cal.), and under the caption *In re Hot Topic Data Breach Litigation*; (2) appointing Daniel S. Robinson of Robinson Calcagnie, Inc., Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC, Thomas E. Loeser of Cotchett Pitre & McCarthy LLP, and Ashley M. Crooks of Hausfeld LLP as Interim Co-Lead Class Counsel for Plaintiffs; and (3) appointing Interim Co-Lead Class Counsel for Plaintiffs, Kristen Lake Cardoso of Kopelowitz Ostrow P.A. and John Heenan of Heenan & Cook, PLLC to the Plaintiffs' Executive Committee.

Respectfully submitted,

Dated: January 6, 2025

**ROBINSON CALCAGNIE, INC.**

By: */s/ Daniel S. Robinson*
Daniel S. Robinson
19 Corporate Plaza Drive
Newport Beach, California
(949) 720-1288; Fax: (949) 720-1292
drobinson@robinsonfirm.com

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Dated: January 6, 2025                    **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

By: */s/ John J. Nelson*
John J. Nelson (SBN 317598)
Mariya Weekes
280 S. Beverly Drive
Beverly Hills, CA 90212
(858) 209-6941
mweekes@milberg.com

Dated: January 6, 2025                    **COTCHETT PITRE & MCCARTHY, LLP**

By: */s/ Thomas E. Loeser*
Thomas E. Loeser
2716 Ocean Park Blvd., Ste. 3088
Santa Monica, CA 90405
(206) 802-1272; Fax: (310) 392-0111
tloeser@cpmlegal.com

Dated: January 6, 2025                    **HAUSFELD LLP**

By: */s/ Ashley M. Crooks*
Ashley M. Crooks
33 Whitehall Street, 14th FloorNew York, NY 10004
(646) 357-1100
acrooks@hausfeld.com

*Proposed Interim Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be filed the foregoing document electronically using the Court's electronic case filing (ECF) system, which will automatically send a notice of electronic filing to the email addresses of all counsel of record.

Dated: January 6, 2025                    */s/ John J. Nelson*
John J. Nelson

25

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL